[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #108
The plaintiffs commenced this action in August 2000 against the defendants for breach of contract and other relief. The complaint alleges that the defendants are Northeast Fabricators, LLC doing business in Walton, NY, and William Brodeur of New York, a member of the LLC. The civil summons names the two defendants as Northeast Fabricators, omitting the designation LLC, and William Brodeur, each with a separate address in the State of New York.
The plaintiff served the defendants as follows: 1) by causing a deputy sheriff to serve four copies (two for each defendant) of the summons and complaint on the Secretary of the State of Connecticut, and 2) by causing the deputy sheriff to send by certified mail "two letters containing a true and attested copy of the above Writ . . . addressed to The Secretary Northeast Fabricators . . . Walton, NY, [and to] William Brodeur . . . Delhi, NY."
In the court file is the first return of the sheriff noting personal service on the Secretary of the State and the deposit of the two certified mailings to New York. The return does not indicate by what statutory authority the sheriff was directed to make service in this manner. The court file contains a supplemental return on service to Northeast Fabricators, with a green postal return receipt card indicating CT Page 12769 receipt by on Kathy Cole on behalf of "Northeast Fabricator (LLC)." A second supplemental return on service to William Brodeur indicates that service was unsuccessful because the letter was undelivered.
On July 24, 2001, the defendants appeared by counsel. On August 20, 2001, the defendants filed two motions to dismiss with a separate ground for each. The first Motion to Dismiss, #108, alleges improper service and a defective summons. The second, #109, asserts lack of personal jurisdiction in that the defendants and each act of which the plaintiff's complain were located exclusively in New York, such that Connecticut has no jurisdiction. The court grants the first of these motions.
The first Motion to Dismiss, #108, appeared on the short calendar, marked ready for 4 September 2001. The plaintiff has filed no papers opposing the matters asserted in the defendants' motion and memorandum of law.
Regardless of the lack of opposition, the defendant makes a meritorious claim with respect to improper service and a defective summons addressed to the defendant Northeast. Northeast appears to be a New York business entity. The complaint asserts that it is a limited liability company. Neither the summons nor the sheriff's return note that there was service directed to a limited liability company, only to a business of some kind using the name Northeast Fabricators. As such, the summons appears to be defective, because it names an entity different from that in the complaint.
As to the defendant Northeast's allegations of improper service, the defendant is correct that the complaint does not indicate that Northeast is organized under Connecticut law, that it is registered in Connecticut, or that it is doing business in Connecticut. This is fatal to the attempt of the plaintiffs to have the Connecticut court assert jurisdiction over this apparently foreign business entity. There is no statutory authority for service upon such an entity by the means utilized by the plaintiff.
The defendants' motion and brief do not address any defect regarding the second defendant William Brodeur. Accordingly the court treats the motion as one to dismiss the action against Northeast only, and it is accordingly ORDERED, that the Motion to Dismiss is GRANTED with respect to Northeast.
Patty Jenkins Pittman, Judge